# RECORD IMPOUNDED

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3642-12T1

IN THE MATTER OF REGISTRANT
T.H.: APPLICATION FOR JUDICIAL
REVIEW OF NOTIFICATION AND TIER
CLASSIFICATION

APPROVED FOR PUBLICATION

July 30, 2013

APPELLATE DIVISION

_____

Argued Telephonically May 29, 2013 — Decided July 30, 2013

Before Judges Messano,[1] Kestin, and Newman.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. 12010013.

Seth Russell Belson, Assistant Deputy Public Defender, argued the cause for appellant T.H. (Joseph E. Krakora, Public Defender, attorney).

Mario C. Formica, Chief Assistant County Prosecutor, argued the cause for respondent State of New Jersey (James P. McClain, Acting Atlantic County Prosecutor, attorney).

The opinion of the court was delivered by

NEWMAN, J.A.D. (retired and temporarily assigned on recall).

Registrant, T.H., appeals from the order of April 11, 2013, denying his motion to be classified as a Tier One registrant, representing a low risk to reoffend, as opposed to a Tier Two

---

[1] Judge Messano did not participate in oral argument. However, the parties consented to his participation in the decision. R. 2:13-2(b).

classification, representing a moderate risk to reoffend. The focus of the application before the trial court was on criterion seven of the Registrant Risk Assessment Scale (RRAS), length of time since last offense. Registrant was scored "one year or less" when he was initially tiered as reflected in the order of February 13, 2013. Registrant had been released from prison on February 29, 2012, which was approximately two weeks short of one year. Because the matter was on appeal to this court, we permitted the registrant to withdraw his appeal and return to the trial court since by then more than one year had passed since his prison release. The sought-for result was that registrant would be recognized as having been out of prison more than one year but less than five years, resulting in the reduction of six points under the RRAS and, correspondingly, placing him in Tier One.

In rejecting registrant's position in a written letter opinion of March 28, 2013, the trial court held that criterion seven is a static factor, that this factor was determined at the original classification hearing, and that the "passage of time after that is not a changed circumstance that allows reconsideration of the tier assigned." In reaching this conclusion, the trial court relied upon In re N.N., 407 N.J. Super. 30, 36-37 (Law Div. 2009), where the court held that the

registrant's circumstances had not changed significantly. Further, the N.N. court noted that the time since the last offense was considered a static factor and could not be revisited. Id. at 37. The trial court also followed N.N.'s approach regarding when a tier classification could be challenged where there is "evidence of a change in circumstance, indicating that the circumstances" appeared to be change of the resident's location or place of employment. Ibid. According to the trial court, registrant's tier hearing had been delayed because of a motion to withdraw his guilty plea and an appellate remand on a motion to withdraw his guilty plea. Otherwise, registrant would have been tiered within two months of his release.

Registrant asserts that criterion seven has a built-in change of circumstances and the trial court should have recognized this dynamism in scoring. Since registrant was offense free for more than one year, but less than five years, his scoring should have been reduced by six points, representing a moderate risk to reoffend.

By way of background, the underlying offense involved the registrant luring young girls, friends of his daughter, into his home. He then provided them with alcohol and marijuana to the point of nausea and intoxication. While these charges were

pending, he attempted to have his daughter lie about the matter to the police. Registrant has compiled an extensive criminal history, which includes seven prior convictions including a state prison sentence. He was sentenced to offenses related to luring, child endangerment, distribution of CDS in a school zone and witness tampering. His aggregate sentence was five years with a mandatory minimum term of two years, six months without parole eligibility.

Prior to his release, registrant underwent a psychological evaluation for Sexually Violent Predator (SVP) risk assessment. In concluding that he did not warrant further review for civil psychiatric commitment consideration, the report indicated that the "MnSOST-R" and "STATIC-99R" were not scored because there is no evidence that the instant offense was sexual in nature. The report also found there was insufficient evidence that registrant "is at a high risk for sexual recidivism." The report went on to note that there was "insufficient evidence to diagnose a paraphilia or other condition that predisposes him to sexually offend."

On appeal, registrant makes arguments similar to those presented to the trial court. After a review of registrant's arguments, those of the prosecutor, and the written decision of the trial court, we are persuaded that criterion seven, by its

very terms, was subject to review. We need not dwell on whether the trial court had the authority to consider registrant's argument that criterion 7 should be reconsidered since the matter had already been resolved in the initial hearing. Nor do we think it mattered that the delay in initially tiering registrant was due to other litigation pursued by registrant related to his conviction. The matter was reviewable because there was evidence of change in circumstances.

Moreover, we disagree with the underlying premise of N.N. that the time from the last offense does not constitute a significant change of circumstances. Under the RRAS, scoring on criterion seven is divided into three separate categories: "high risk" is defined as "year or less" since last offense; "moderate risk" is defined as "more than one but less than five years"; and "low risk" is defined as "five or more years." The criterion, itself, has a built-in change of circumstances to reflect the likelihood of reoffense.

Further, the RRAS Manual explains that criterion seven "is related to likelihood of re-offense [and] [t]he time counted in this criterion is only time at risk--that is, when the offender is in a situation in which he or she has ready, unsupervised access to potential victims." Manual (June 1998), p.6. Accordingly, "[t]ime incarcerated or civilly committed

[generally] does not count…." <u>Ibid.</u> It is obvious to us that the passage of time after initial assessment without reoffending is as relevant to a reduced likelihood of re-offense as those dynamic criteria which measure progress over time regarding circumstances such as maintaining employment, response to treatment, and residential support. The longer the time within which the registrant remains incident free, the less likely is the incidence of reoffending. To maintain that this criterion is not reviewable after the passage of time is to ignore the risk categories as defined in criterion seven. Labeling criterion seven as "static" under the Supreme Court decision in <u>In re C.A.</u>, 146 <u>N.J.</u> 71, 103 (1996), masks the very substance contained within this criterion.

Our court recognized as much in <u>In re H.M.</u>, 343 <u>N.J. Super</u>, 219, 223-24 (App. Div. 2001). There we reduced criterion seven, by necessity, because of the passage of time without reoffending. The same result is warranted here. With the passage of more than one year without reoffense, the scoring is correspondingly reduced from six points to three points. As a result, registrant's RRAS score is thirty-three, placing him in Tier One.

One of the concerns of the trial court, echoed by the State, was that registrants would routinely file for a reduction

in points under criterion 7 of the RRAS when the passage of time made a difference in scoring. That may well be, but, as pointed out, the likelihood of reoffending is less likely with the passage of time when registrant has remained incident-free. Thus, the risk to the community is diminished, which, correspondingly, may be reflected in the extent of community notification.

We would be remiss if we did not emphasize that the psychological examination of registrant by the State in assessing his risk assessment for SVP commitment questioned whether the underlying offense was "sexual in nature," found insufficient evidence that registrant "is at high risk for sexual recidivism," and was unable "to diagnose a paraphilia or other condition that predisposes him to sexually offend." Registrant's incident-free conduct since his release from prison buttresses the evaluation conducted by the State authority, further supporting the point reduction under the RRAS scale.

Reversed and remanded to the trial court for such further proceedings as may be appropriate in light of the point reduction we have ordered.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3642-12T1