# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0452-20

IN THE MATTER OF
REGISTRANT J.P.A.

_____

Submitted November 4, 2021 – Decided January 12, 2022

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. PG-20020005.

Roddy Q. Bolanos, attorney for appellant (William M. Candia, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Deepa S. Y. Jacobs, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

J.P.A. appeals from a September 8, 2020 order classifying him as a Tier II registrant. We reverse and remand for further proceedings.

We discern the following facts from the record. J.P.A. is a native of Guatemala, and his primary language is Spanish. On March 3, 2016, J.P.A. was indicted on charges of first-degree aggravated sexual assault (count one),

second-degree sexual assault (count two), and third-degree endangering the welfare of a child (count three), after his girlfriend's granddaughter disclosed to her mother that J.P.A. had "kissed her for a very long time in her private area." Following the trial before the Honorable Christopher R. Kazlau, the jury issued a verdict on September 25, 2018 in which they deadlocked on the first two counts but found J.P.A. guilty on the third count.

In a February 1, 2019 order, the trial judge dismissed the first two counts, sentenced J.P.A. to a term of five years of imprisonment on the third count, ordered parole supervision for life, ordered Megan's Law Registration, and awarded jail time credit as agreed by the parties. J.P.A. was also ordered to comply with Nicole's Law and mandated to pay a series of fines and penalties amounting to $1,205.

On September 5, 2019, J.P.A. was released from New Jersey State Prison and was subsequently arrested by Immigration and Customs Enforcement (ICE). J.P.A. retained Stephen Lagana for his immigration matter, and Lagana informed J.PA. that he would also handle J.P.A.'s criminal matter. On March 4, 2020, J.P.A. was released from ICE custody.

On July 21, 2020, Sergeant William Crapara served J.P.A. a notification letter written in English, notifying J.P.A. of his proposed Megan's Law tier

A-0452-20

designation and of the hearing scheduled for August 26, 2020, at 8:30 a.m. before a different judge. The notification stated, "due to the COVID-19 emergency health protocols the [c]ourthouse is NOT open to the public," and provided contact information if registrant decided to make a 5A request for a public defender. The notification also provided in pertinent part:

> Due to the current pandemic, all court appearances are conducted by computer or telephone. If you wish to participate or attend the hearing, you MUST provide a phone number or email address at which you may be reached. This is because the [c]ourt must be able to contact you over the phone or computer with the information provided. The [c]ourt will provide you with instructions on accessing the proceedings prior to the hearing and you will be in a virtual waiting room until your case is called.

The notification listed contact information instructing J.P.A. where to provide his phone and email details.

In his certification, J.P.A. attested that after receiving the notification, he contacted Lagana who told him not to worry about it. J.P.A. alleged his attorney did nothing to help him. J.P.A. alleged he later found out Lagana was only licensed in Massachusetts.

On August 24, 2020, J.P.A. tried to call one of the numbers listed in the notification, but J.P.A. asserted no one would pick up or return his calls. J.P.A.

A-0452-20

also stated that because the messages were in English, he did not understand them.

On August 26, 2020, the trial court conducted a virtual hearing, which J.P.A. did not attend. At the hearing, the judge found J.P.A. was served on July 21, 2020 with the notification and that the matter "proceeded in default." The judge stated the proof of service document was not in the file. Without J.P.A. present, the judge only heard arguments from the State, which included explaining the reasons certain findings were made for each subcategory of the Registrant Risk Assessment Scale (RRAS), detailing the total number of points assessed, and requesting Tier II classification. After hearing from the State, the judge classified J.P.A. as Tier II with a total of fifty points on the RRAS, issued a one-mile scope of notification, and determined no internet or employment restrictions were needed.

On September 8, 2020, the judge issued an order classifying J.P.A. as a Tier II registrant. This appeal followed.

On appeal, J.P.A. raises the following arguments for our consideration:

POINT I

[THE APPELLANT WAS DEPRIVED OF HIS RIGHT TO DEFEND HIMSELF WHEN THE LOWER COURT FAILED TO FOLLOW DIRECTIVE 16-20 BY NOT INQUIRING ABOUT THE APPELLANT'S

4

ATTEMPTS TO VIRTUALLY APPEAR AT THE TIER CLASSIFICATION HEARING]

POINT II

[A REMAND FOR A NEW HEARING IS APPROPRIATE AND IN THE BEST INTEREST OF JUSTICE AS THE APPELLANT WAS MISLED BY AN ATTORNEY NOT LICENSED TO PRACTICE IN NEW JERSEY AND BECAUSE THERE ARE MISLEADING FACTS IN THE REGISTRANT RISK ASSESSMENT SCALE (RRAS)]

"[R]eviewing courts have an 'obligation of providing procedural due process to ensure the appropriateness of a tier classification.'" In re G.B., 147 N.J. 62, 77 (1996) (quoting In re C.A., 146 N.J. 71, 94 (1996)). "That obligation requires courts to hold an evidentiary and investigatory hearings at which any trustworthy evidence is admissible." Ibid. (citation omitted). "[A] registrant has the right to challenge his tier classification at a hearing in Superior Court." In re N. N., 407 N.J. Super. 30, 36 (Law Div. 2009).

The State recognizes that there is an "unclear record regarding whether registrant[] actually followed the proper protocol to notify the court of his objection" and "the language barrier in this case coupled with the Covid-19 pandemic may have contributed to registrant's failure to notify the court of his desire to be heard at his tier hearing." Thus, the State agrees to a remand, "in the interest of justice."

A-0452-20

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION